UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rodrigo De Souza Millan,

    Plaintiff,

v.

Federal Bureau of Investigation, et al.,

    Defendants.

Case No. 22-10006
District Judge David M. Lawson
Magistrate Judge Jonathan J.C. Grey

_____/

## REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO DISMISS (ECF No. 8)

Rodrigo De Souza Millan brought this complaint pro se against the Federal Bureau of Investigation (FBI) and the Federal Aviation Administration (FAA). (ECF No. 1.) Millan makes many allegations with references to multiple causes of action and to state and federal statutes. The Court construes his complaint as alleging assault and battery, fraud, false accusations, malicious prosecution, hate crimes, conspiracy to commit fraud, criminal conspiracy, Medicare fraud, and bribery. (ECF No. 1.) Further, Millan references the following statutes: Michigan Compiled Laws (MCL) 750.224 (felony possession of certain weapons), 18 U.S.C. §§ 2261A (criminal stalking), 1621 (perjury), 208 (bribery); 38 U.S.C. § 5107

(claimant's evidentiary burden for claims of veteran benefits); 31 U.S.C. § 3729 (the False Claims Act). (ECF No. 1.) Finally, Millan states that defendants have violated the Civil Rights Act of 1964 and committed Medicare Fraud. Millan is requesting $150,000,000 in damages and costs from each defendant; an injunction requiring the FBI and FAA to release information and requiring the agencies to expunge Millan's mental records. (*Id.*) The FBI and FAA filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8.)

For the following reasons, the Court **RECOMMENDS** that the FBI and FAA's motion to dismiss be **GRANTED** and Millan's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

I.   Background

Millan alleges that the FAA committed hate crimes against him and harassed him for two decades, resulting in Millan's bankruptcy. (ECF No. 1, PageID.5.) Further, the FAA allegedly committed murder and used mafia politics to "hound Plaintiff." (*Id.*) Millan alleges that the FBI did nothing to help and made false statements to harm Millan's reputation. (*Id.*) Further, the FBI purportedly covered up murders its agents allegedly committed. (*Id.*) Millan alleges that the FBI also committed hate crimes against him. (*Id.*)

These allegations seem to stem from Millan's May 2, 2018 arrest and commitment to a mental hospital. (*Id.*, PageID.9.) Millan states that a trial occurred

on May 30, 2018, during which Millan claims he was wrongfully convicted. (*Id.*) Millan alleges that the conviction was based on false evidence and that he was prevented from exhibiting "Radioactive evidence relevant to the case." (*Id.*) More specifically, Millan states that he was falsely accused of being mentally ill and that the psychologist who testified lied about his mental health diagnosis. (ECF No. 1, PageID.22.) The evidence Millan attempted to exhibit at trial supposedly would have established that he was not mentally ill. (*Id.*, PageID.9.)

Further, Millan states that the FAA stalked and harassed him by repeatedly flying an aircraft over him and his residence. (*Id.*, PageID.23.) The aircraft supposedly battered Millan with an energy weapon, or "EM energy RF instruments." (ECF No. 1, PageID.13, 20.) In addition to these batteries, the defendants purportedly poisoned Millan with poison gas and poisoned his possessions. (*Id.*, PageID.13.)

## II.     Analysis

**A. Sovereign immunity**

A plaintiff cannot sue the United States unless the United States allows it. This is the principle of sovereign immunity. *United States v. Lee*, 106 U.S. 196, 204 (1882). The United States may waive its sovereign immunity by consenting to a lawsuit. *United States v. City of Detroit*, 329 F.3d 515, 520 (6th Cir. 2003). To maintain a suit against the federal government, the plaintiff must show that the

United States has waived its sovereign immunity. *Gaetano v. United States*, 994 F.3d 501, 509 (6th Cir. 2021) (citations omitted). Sovereign immunity applies to federal agencies, such as the FBI and FAA. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Plaintiffs must show that the Court has the authority to hear their claims. *Gaetano*, 994 F.3d at 505 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). A claim of sovereign immunity challenges the court's authority, otherwise known as subject matter jurisdiction, to hear claims against the government. *Skidmore v. Access Group, Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). A challenge to subject matter jurisdiction is properly raised by a Federal Rule of Civil Procedure 12(b)(1) motion. *Id.* The court must consider a Rule 12(b)(1) motion before considering the Rule 12(b)(6) motion because the Rule 12(b)(6) challenge to the sufficiency of the complaint is unnecessary if the court lacks authority to hear the claims in the first place. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

An attack on subject matter jurisdiction may challenge the complaint as a whole, also known as facial attack, or an attack may challenge the facts in the complaint, also known as a factual attack. *Skidmore*, 149 F. Supp. 3d at 809 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In a facial challenge,

the court will accept the facts in the complaint as true and give the plaintiff the benefit of the doubt. *Id*. (quoting *Ritchie*, 15 F.3d at 598). A factual attack challenges the factual existence of the court's authority. When evaluating a factual challenge, the court does not have to accept the facts in the complaint and may weigh the evidence to determine if subject matter jurisdiction exists. *Id.* (quoting *Ritchie*, 15 F.3d at 598). The defendant's motion to dismiss is a facial challenge to Millan's complaint. Thus, the Court can decide the issue of sovereign immunity on the allegations in the complaint alone.

Under the Federal Tort Claims Act (FTCA)[1], the United States generally waives its sovereign immunity and accepts liability for tort claims. 28 U.S.C. § 2674. The FTCA contains exceptions to the general waiver. The most relevant exceptions are for assault and battery, fraud, malicious prosecution, misrepresentation, and defamation. *Id.* § 2680(h). These claims require a showing of waiver through some other statute. Millan has not pointed to any statute that would imply waiver for his tort claims. Furthermore, Millan fails to point the Court to any other statute that waives immunity for any of his other claims.

---

[1] Millan does not state that any claims are made under the FTCA, however, the Court construes many of Millan's claims as torts, for example, his claims of assault and battery, fraud, malicious prosecution, false statements, and conspiracy to commit fraud are all tort claims.

5

**B. Failure to state a claim**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a)(2), which requires a short and plain statement of a claim showing that the pleader is entitled to a judgment granting relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must illustrate the grounds of their entitlement to relief with "more than labels and conclusions." *Id.* at 555 (citations omitted). Plain statements of the requirements for a legal claim will not do. *Id.* at 555 (citations omitted). In other words, the complaint must contain "sufficient factual matter" to create a plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is plausible when the plaintiff states facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* (citations omitted). A claim must be sufficiently clear to give the defendants fair notice of which laws have been violated and how they have been violated. *See Twombly*, 550 U.S. at 555 (setting the minimum requirements for the claims in a complaint)

Courts hold complaints written by pro se plaintiffs to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" is still required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the

6

plaintiff the benefit of the doubt and must accept all the plaintiff's allegations in the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Even accepting all of Millan's allegations as true, viewing the complaint in the light most favorable to him, and holding his complaint to the lower pro se pleading standards, Millan fails to meet the minimum requirements set by Rule 8(a)(2). It is unclear how Millan's bald allegations of harassment, hate crimes, or purported acts to cover up murders amount to violations of the Civil Rights Act of 1964. Millan fails to show how he is entitled to any judgment for these alleged violations. He does not cite any specific provisions of that act or how specific facts meet the elements of those provisions. The defendants are left with no indication of the specifics of his claim, what discovery might be required, or which defenses are available. This fails to provide the fair notice required by the pleading standards. *See Twombly*, 550 U.S. at 555 (setting the requirements for fair notice).

Additionally, Millan fails to establish that Congress created a cause of action, explicitly or implicitly, for most of the statutes cited. A cause of action allows a private party to sue another based on a violation of law. *Cause of Action*, Black's Law Dictionary (11th ed. 2019). Not all statutes or laws provide causes of action for private parties. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1974) ("the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that

person"). For a private party to maintain a suit based on a statute, Congress must have created an explicit or implicit cause of action. *See id*. Most of the statutes cited are state and federal criminal or procedural laws, including MCL 750.224 (felony possession of certain weapons) and 18 U.S.C. §§ 2261A (criminal stalking), 1621 (perjury), 208 (bribery). Another is an administrative procedural law: 38 U.S.C. § 5107 (establishing claimant's evidentiary burden for claims of veteran benefits). Millan has not cited to, and the Court has been unable to locate, legal authority creating causes of action for the cited statutes.

      Finally, Millan cites to 31 U.S.C. § 3729, the False Claims Act, which allows the government to pursue damages for filing false claims for reimbursement. This statute provides for qui tam actions. 31 U.S.C. § 3730(b). A qui tam action is an action brought by a private party on behalf of the government. *Qui Tam Action*, Black's Law Dictionary (11th ed. 2019). The government is the true plaintiff in such an action. 31 U.S.C. § 3730(b). Portions of any judgment awarded may be given to the private party who initiated the action. 31 U.S.C. § 3730(d). However, Millan alleges that the psychologist submitted false claims when the psychologist was compensated for testifying. (ECF No. 1, PageID.11.) Millan states that the psychologist lied during trial. (*Id*.) After reading the allegations in the light most favorable to Millan, the Court presumes the psychologist testified on behalf of and was paid by the government. Thus, Millan

8

argues, the claims were falsely submitted. (*Id.*) But Millan does not name the psychologist as a defendant in this lawsuit. (*Id.*)

### III. Conclusion

For the above reasons, the Court **RECOMMENDS** that the FBI and FAA's motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) (ECF No. 8) be **GRANTED** and Millan's claims be **DISMISSED WITHOUT PREJUDICE.**

Dated:  February 23, 2023          s/**Jonathan J.C. Grey**
                                   Jonathan J.C. Grey
                                   United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2023.

s/ **J. Owens**
Julie Owens
Case Manager
