UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRIGO DE SOUZA MILLAN,

        Plaintiff,                                 Case Number 22-10006

v.                                                  Honorable David M. Lawson

FBI and FAA,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE

On January 3, 2022, plaintiff Rodrigo De Souza Millan filed his *pro se* complaint in this case against the Federal Bureau of Investigation (FBI) and the Federal Aviation Administration (FAA). The complaint presents a variety of difficult to follow allegations and alludes to numerous causes of action, citing a laundry list of state and federal statutes. Broadly construed, it appears that the plaintiff intended to plead claims sounding in assault and battery, fraud, false accusations, malicious prosecution, hate crimes, conspiracy to commit fraud, criminal conspiracy, Medicare fraud, and bribery. The pleading also cites in passing Michigan Compiled Laws 750.224 (criminalizing felony possession of certain weapons), 18 U.S.C. § 2261A (criminal stalking), 18 U.S.C. § 1621 (perjury), 18 U.S.C. § 208 (bribery), 38 U.S.C. § 5107 (specifying a claimant's evidentiary burden for claims of veteran benefits), and 31 U.S.C. § 3729 (the federal False Claims Act). Millan also alleges that the defendants have violated the Civil Rights Act of 1964 and committed Medicare Fraud. He seeks $150,000,000 in damages and costs from each defendant agency, and an injunction requiring the FBI and FAA to release certain information and to expunge the plaintiff's criminal history and mental health records.

The Court referred the case to the assigned magistrate judge for all pretrial proceedings. The defendant agencies then filed a motion to dismiss for want of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On February 24, 2023, Magistrate Judge Jonathan J.C. Grey issued a report recommending that the government's motion be granted and the case dismissed without prejudice for want of subject matter jurisdiction. The government did not present any objections to that report. The plaintiff filed two documents which he has styled as objections, but which for the most part merely reiterate the same sorts of inscrutable and fanciful allegations that abound in the complaint.

The case now is before the Court for review and consideration of the magistrate judge's recommendation for dismissal due to the want of jurisdiction. When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*,

474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the complaint and the plaintiff's objections to the recommendation for dismissal. Having done so, the Court agrees with the magistrate judge that the complaint must be dismissed for want of subject matter jurisdiction, because it fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law. Moreover, the Court finds nothing in the plaintiff's purported objections that identify with any specificity a legal or factual error in the magistrate judge's analysis of the jurisdiction issue.

As the magistrate judge noted, the plaintiff paid the required filing fee when he tendered his pleadings to the Clerk of Court. The complaint therefore is not subject to routine preliminary screening by the Court under 28 U.S.C. § 1915(e), which applies only in cases where a plaintiff is granted leave to proceed *in forma pauperis*. However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint is frivolous when it lacks an arguable basis either in fact or in law"; it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted). But dismissal on the Court's own motion on this basis "is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] [federal] court may dismiss a claim

as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

It is well settled that "*[p]ro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] *pro se* complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But notwithstanding the liberal reading of the pleadings, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

The plaintiff alleges that the FAA committed hate crimes against him and harassed him for two decades, resulting in his bankruptcy. He also says that the FAA committed murder and used "mafia politics" to "hound him." He further alleges that the FBI did nothing to help and made false statements to harm his reputation. The FBI also allegedly covered up murders that its agents allegedly committed, and the plaintiff also alleges that the FBI committed hate crimes against him. All of those allegations appear to be related to the plaintiff's May 2, 2018 arrest and commitment to a mental hospital. The plaintiff alleges that a trial occurred on May 30, 2018, during which he claims that he was wrongfully convicted. The plaintiff further alleges that the conviction was based on false evidence and that he was prevented from exhibiting "radioactive evidence relevant

to the case." The plaintiff alleges that he was falsely accused of being mentally ill and that the psychologist who testified lied about his mental health diagnosis. He also says that the evidence that he attempted to exhibit at trial supposedly would have established that he was not mentally ill. Notably, the psychologist mentioned in the complaint was not named as a defendant in this case. There are no specific facts alleged about who committed wrongful acts, when they were committed, and in what context they occurred. And there are no plausible allegations indicating how the defendant federal agencies were involved in the mental health commitment proceedings. To say that the allegations are "fanciful" is an understatement. The Court is not able to identify anywhere in the plaintiff's rambling narrative any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001). Moreover, as the magistrate judge points out, the United States has not waived its sovereign immunity against suit for any of the types of tort claims pleaded in the complaint. *See* 28 U.S.C. § 2674, 2680(h).

The plaintiff's "objections" to the report and recommendation lend no more coherent substance to the case than the pleadings. Those "objections" present no developed argument explaining how the allegations in the complaint give rise to any cognizable claim under federal law. The main substance of the objections merely reiterates and elaborates on the surreal narrative that makes up most of the pleadings. Nowhere in the objections does the plaintiff present any coherent, developed argument identifying any legal error in the magistrate judge's conclusions. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings that [the objector] believe[s] [are] in error" are insufficient. *Ibid.* The plaintiff's "objections" to the report comprise no more perceptible legal or factual basis than the complaint itself, and the plaintiff therefore has not presented any valid reason why the recommendation for dismissal for lack of jurisdiction should not be adopted.

As noted above, the magistrate judge recommended that the complaint be dismissed without prejudice because the complaint does not present any case or controversy over which the Court has subject matter jurisdiction. Where a district court lacks subject matter jurisdiction it need not — and ought not — address the merits argument about whether the complaint states a cognizable claim for relief. *Brownback v. King*, --- U.S. ---, 141 S. Ct. 740, 750 (2021) (holding that although a motion to dismiss may invoke both Rules 12(b)(1) and 12(b)(6), where the Court "lack[s] subject-matter jurisdiction for [any] non-merits reason[ ] . . . it must dismiss the case under just Rule 12(b)(1)"). The dismissal must be without prejudice. *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

Accordingly, it is **ORDERED** that the report and recommendation (19) is **ADOPTED**, the plaintiff's objections (ECF No. 20, 21) are **OVERRULED**, the defendants' motion to dismiss (ECF No. 8) is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated:   March 21, 2023